Tilzer, J. P.
(dissenting). The insured, Dr. Lieberman, entered the hospital on November 11, 1961 and left on June 5, 1962. He was paid in accordance with the terms of the policy. The insurer deducted the applicable deductible, $500, and paid 80% of the covered hospital expenses.
On October 27, 1962, the insured was admitted to the hospital again, four months and 22 days after his first confinement, where he remained until his death on December 24, 1962. The *3 insurer paid again, deducting for a second time the $500 deductible. The issue is whether, within the terms of the policy, there were two sicknesses or one.
It is .true that Part II of the policy does not expressly provide that recovery of the insured shall be conclusively presumed from the passage of three months during which covered expenses are less than $50. Nevertheless, all ambiguity is removed by the language of Part III of the policy which provides that successive disabilities “ shall be considered as resulting from one accident or sickness, unless * * * (3) The disablements are separated by a period of three (3) consecutive months during which the incurred Covered Expenses are less than Fifty Dollars ($50).” When read together, the provisions clearly indicate that where three consecutive months intervene between two periods during which hospital expenses are less than $50, then the second period shall be considered as a separate “ benefit period” and shall be subject to the proper deductible.
I think it would be clear to the ordinary man buying hospital insurance that if he were hospitalized, left for home and for the next three months paid nothing or less than $50 for hospital expenses, and then had to be hospitalized again, the latter confinement would be a new period, a new accident or sickness.
The order granting the defendant insurer’s motion for summary judgment should be affirmed.
Hoestadteb., and Gold, JJ., concur; Tilzer, J. P., dissents in memorandum.
Order reversed, etc., and plaintiff’s motion for summary judgment granted.